UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Tijuana and Gregory Singleton, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Commercial Recovery Systems, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Tijuana and Gregory Singleton, by undersigned counsel, state as follows:

## **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and their agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Tijuana Singleton ("Tijuana") and Gregory Singleton ("Gregory" and together with Tijuana, the "Plaintiffs"), are adult individuals residing in Philadelphia, Pennsylvania, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Commercial Recovery Systems, Inc. ("Commercial"), is a Texas business entity with an address of 8035 RL Thornton Freeway, Ste. 220, Dallas, Texas 75228 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Commercial and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Commercial at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $ 4,000.00 (the "Debt") to Capital One (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Commercial for collection, or Commercial was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B.  Commercial Engages in Harassment and Abusive Tactics

12. Starting in May 2012, the Defendants placed numerous calls to Gregory in an attempt to collect the Debt.

13. In June 2012, the Defendants called Tijuana's previous place of employment and obtained her new work phone number.

14. Within the following few days, the Defendants placed several calls to Tijuana's current place of employment and threatened to garnish her wages if she did not pay the Debt.

15. During those calls, Tijuana made clear that she was unable to talk to the Defendants while she was at work because her employer prohibits such communications.

16. Despite Plaintiff's request to stop the calls at work the Defendants continued to place such calls.

17. During one of the conversations with Defendants Gregory offered to pay $2,500.00 to satisfy the Debt.  The Defendants accepted the offer and Gregory made the payment through an electronic transfer.

18. For an unknown reason, the money was not received by the Defendants and the Defendants continued placing calls to Gregory demanding the payment and threatening to garnish Gregory's wages and starting a legal procedure.

19. To date, no such action has been taken.

### C.  Plaintiff Suffered Actual Damages

20. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

21. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

22. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, *ET SEQ*.

23. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The Defendants' conduct violated 15 U.S.C. § 1692c(a)(3) in that Defendants contacted the Tijuana at her place of employment, knowing that the Tijuana's employer prohibited such communications.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692e(4) in that Defendants threatened the Plaintiffs with garnishment if the debt was not paid.

27. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take legal action, without actually intending to do so.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiffs are entitled to damages as a result of Defendants' violations.

## COUNT II

### VIOLATIONS OF THE PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT, 73 P.S. § 2270, *ET SEQ.*

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Each of the Plaintiffs is a "consumer," as defined in 73 P.S. § 2270.3.

32. The Defendants are each individually a "debt collector" as defined in 73 P.S. § 2270.3.

33. The Defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq., which constitutes an unfair or deceptive practice under 73 P.S. § 2270.4(a).

34. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT III

### INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

35. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

37. Pennsylvania further recognizes the Plaintiffs' right to be free from invasions of privacy, thus the Defendants violated Pennsylvania state law.

38. The Defendants intentionally intruded upon Plaintiffs right to privacy by continually harassing Plaintiffs with numerous calls to Tijuana's work even after being informed Tijuana is not allowed to accept such calls.

39. The telephone calls made by the Defendants to Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

40. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

41. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from the Defendants.

42. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## COUNT IV

### VIOLATIONS OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 P.S. § 201-1, *ET SEQ.*

43. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The Defendants' violations of the Pennsylvania Fair Credit Extension Uniformity Act constitute per se violations under the Pennsylvania Unfair Trade Practices and Consumer Protection Law.

45. The Defendants' acts were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law.

46. As a result of the Defendants' violations, the Plaintiffs have suffered ascertainable losses entitling the Plaintiffs to actual, statutory and treble damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;
3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 2270.5 against the Defendants;
4. Statutory damages pursuant to 73 P.S. § 2270.5(c);
5. Actual damages pursuant to 73 P.S. § 201-9.2(a);
6. Statutory damages pursuant to 73 P.S. § 201-9.2(a);
7. Treble damages pursuant to 73 P.S. § 201-9.2(a);
8. Actual damages from the Defendants for all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;
9. Punitive damages; and
10. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 2, 2012

                                        Respectfully submitted,

                                        By /s/ JBB8445

                                        Jody B. Burton, Esq.
                                        Bar No.: 71681
                                        LEMBERG & ASSOCIATES L.L.C.
                                        1100 Summer Street, 3rd Floor
                                        Stamford, CT 06905
                                        Telephone: (203) 653-2250
                                        Facsimile:  (203) 653-3424
                                        Attorneys for Plaintiff